MARY C. YOUNG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARY YOUNG MOORE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 39825, 39824. Promulgated September 8, 1930.

*Theodore B. Benson, Esq.*, for the petitioners.
*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

MATTHEWS: The petitioners assert that the respondent erred in two particulars. First, in refusing to allow as a deduction in 1924 the unextinguished cost of the brick store buildings which were demolished in order that a new building might be erected on the premises. Second, in refusing to allow as deductions in 1924 and 1925 the amounts paid by the petitioners in those years in connec-

tion with the negotiation of a 99-year lease on the property owned by petitioners, such amounts representing the commission paid to a real estate agent, attorney fees, and the expense of obtaining a certificate of title.

The first issue is governed by our decision in *Charles N. Manning*, 7 B. T. A. 286, in which we held that the unextinguished cost of buildings removed in order to obtain a 99-year lease upon the land represented the cost to the lessor of such lease and should be exhausted over the term of the lease. This decision was followed in *William Ward*, 7 B. T. A. 1107, in which case the same question was presented. See also *Liberty Baking Co.* v. *Heiner*, 37 Fed. (2d) 703; *Anahma Realty Corporation* v. *Commissioner*, 42 Fed. (2d) 128, affirming our decision in this case, 16 B. T. A. 749.

With respect to the second issue, the petitioners take the position that the amounts paid in connection with the procuring of the 99-year lease do not constitute capital expenditures, but represent necessary expenses and that, since they were on a cash receipts and disbursements basis, they are entitled to deduct from income the amounts paid in cash in 1924 and 1925. The respondent contends that the expenditures in question resulted in the acquisition of a capital asset and that any deduction allowable is by way of amortization over the life of the lease.

In *Bonwit Teller & Co.*, 17 B. T. A. 1019, and *Julia Stow Lovejoy*, 18 B. T. A. 1179, this question was considered at length. These decisions were cited and followed in *James M. Butler*, 19 B. T. A. 718, in which it was held that the commission paid by a lessor to procure a long-term lease does not constitute a deductible expense in the year paid, but is a capital expenditure to be ratably deducted as the lease is exhausted. See also *Evalena M. Howard*, 19 B. T. A. 865, and *Central Bank Block Association*, 19 B. T. A. 1183. On authority of these decisions, the respondent's action in prorating the expenditures over the term of the lease is approved.

*Judgment will be entered for the respondent.*